EDWARD MILLER, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

*New trial — cumulative evidence — adjournment of a trial.*

A new trial will not be granted for the purpose of allowing cumulative evidence to be given.

What circumstances are sufficient to justify a court in refusing to grant an adjournment of a case.

APPEAL by the defendant, the Manhattan Railway Company, from an order made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 3d day of April, 1893, denying the defendant's motion for a new trial.

*Frederic A. Ward, Julien T. Davies* and *Charles A. Gardiner,* for the appellant.

*Charles J. Patterson,* for the respondent.

BARNARD, P. J. :

This action was at issue and was upon the Circuit calendar for trial and announced to be ready by both parties on the 23d and 24th of January, 1893. It was postponed by the court to the 26th of

January, 1893, when the case was ready, except that defendant's counsel was absent. The case was postponed on this account until the next day, with the announcement by the court that no further delay would be given. On the next day, January 27, 1893, the case was again ready, except that the counsel who was to try the case was about to try a case in New York. This excuse was overruled, and the plaintiff was told he could take an inquest. The defendant's representative asked a further adjournment until the 30th of January, 1893. The parties differ as to whether or not an absolute promise to be ready was made by defendant. On the 30th of January, 1893, application was made to postpone the case on account of the absence of the guard, who was supposed to be the person who shoved the plaintiff off the platform of the defendant's car, and for which act the action was brought. This guard, Hopper, lived in Brooklyn, and the proof fails to show any earnest wish to subpoena him as a witness. He was not subpoenaed during the days when the case was ready for trial without him, and his place of residence was known to the defendant, and that he worked for a doctor in New York. He left his home very early in the morning and returned very late at night. He could not have escaped any real effort to subpoena him. The defendant went to the house when he was away, and was satisfied to take Hopper's mother's statement, that he had moved away and she did not know of his address. The defendant knew on the twenty-seventh and twenty-eighth of January that Hopper still lived with his mother. The witness Hopper had made a statement of the occurrence, and had named two persons as witnesses, who saw the transaction. These witnesses were called on the trial, and gave evidence tending to show that the plaintiff pulled back himself so suddenly and with such force as to throw himself down. Hopper can give but cumulative evidence, and a new trial will not be given for evidence which is but an addition to evidence of the same kind which was given on the trial. The witness Hopper can testify to nothing beyond or additional to the witnesses the defendant called on the trial.

The order denying a new trial should be affirmed, with costs and disbursements.

PRATT, J., concurred.

Order denying motion to set aside verdict and grant new trial for surprise affirmed, with costs and disbursements.